■ In the Matter of JAMES C. BARNES, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [854 NYS2d 684]—

Per Curiam. Respondent was admitted to practice by this Court in 1981. He resides in Arizona. Previously, he maintained a law office in Michigan.

By order dated July 25, 2007, the Attorney Discipline Board of Michigan suspended respondent from practice for a period of 90 days effective June 28, 2007. The Board also required respondent to pay costs of $4,855.22. The Board found that respondent was guilty of the following professional misconduct: he accepted a settlement contrary to his client's direction, failed to keep his client reasonably informed about the status of the

case and failed to notify his client of the settlement, failed to explain the settlement and the execution of the release to his client, failed to notify his client of the funds that he received after the purported settlement, and knowingly changed and executed the release on behalf of his client, which altered and changed his client's legal or equitable remedies. Respondent was reinstated to practice in Michigan effective January 31, 2008.

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Petitioner advises that respondent did not file a copy of the Michigan order within 30 days as required (*see* 22 NYCRR 806.19 [b]) and respondent has been delinquent in the payment of his attorney registration fees since 1990 (*see* 22 NYCRR part 118).

Respondent contends that the imposition of reciprocal discipline would be unjust (*see* 22 NYCRR 806.19 [d] [3]). Our review of the record indicates otherwise. We therefore grant petitioner's motion, reciprocally suspend respondent from practice for a period of six months, and direct respondent, upon any application for reinstatement, to make the showing required by this Court's rules (*see* 22 NYCRR 806.12 [b]) and to show compliance with the attorney registration requirements (*see* 22 NYCRR part 118).

Mercure, J.P., Carpinello, Rose, Kane and Malone Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; CHARLES G. BUSCHMAN, Respondent. [854 NYS2d 680]—Per Curiam. Respondent, who was admitted to practice by this Court in 1977, was suspended by this Court's order dated June 7, 1999 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (262 AD2d 702 [1999]).